ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OFFICIAL OPINION CONCERNING THE PROVISIONS OF SENATE BILL 612, NOW CODIFIED AT 36 O.S. 6060 (1988). THAT STATUTE REQUIRES:
 "ALL INDIVIDUAL AND GROUP HEALTH INSURANCE POLICIES PROVIDING COVERAGE ON AN EXPENSE INCURRED BASIS, AND ALL INDIVIDUAL AND GROUP SERVICE OR INDEMNITY TYPE CONTRACTS ISSUED BY A NON-PROFIT CORPORATION AND ALL SELF INSURERS WHICH PROVIDE COVERAGE FOR A FEMALE FORTY FIVE (45) YEARS OLD OR OLDER IN THIS STATE, EXCEPT FOR POLICIES THAT PROVIDE COVERAGE FOR SPECIFIED DISEASE OR OTHER LIMITED BENEFIT COVERAGE, SHALL INCLUDE COVERAGE FOR AN ANNUAL SCREENING BY LOW-DOSE MAMMOGRAPHY FOR THE PRESENCE OF OCCULT BREAST CANCER, WITHIN THE PROVISIONS OF THE POLICY, THAT IS NOT LESS FAVORABLE THAN FOR OTHER RADIOLOGICAL EXAMINATIONS AND SUBJECT TO THE SAME DOLLAR LIMITS, DEDUCTIBLES, AND CO-INSURANCE FACTORS."
AS YOU NOTE IN YOUR LETTER, THIS LAW BECAME EFFECTIVE NOVEMBER 1, 1988. BECAUSE YOUR QUESTIONS MAY BE ANSWERED, FOR THE MOST PART, BY REFERENCE TO A PREVIOUS ATTORNEY GENERAL OPINION, IT-DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION AT THIS TIME.
YOUR FIRST QUESTION IS WHETHER THE REQUIREMENTS OF SECTION 36 O.S. 6060 ARE PREEMPTED BY ERISA REGULATIONS WHERE A SELF-INSURED PLAN, AS REFERENCED IN THE STATUTE, IS WHOLLY SELF FUNDED. AS YOU NOTE IN YOUR LETTER, THE ERISA PREEMPTION QUESTION WAS ANSWERED IN A.G. OPINION NO. 86-032. IN THAT OPINION, THE ATTORNEY GENERAL WAS ASKED WHETHER EMPLOYEE WELFARE BENEFIT PLANS WHICH ARE FORMULATED PURSUANT TO FEDERAL ERISA LAWS, MUST COMPLY WITH SEVERAL SECTIONS OF THE STATE INSURANCE CODE. AS THAT OPINION DISCUSSED, THERE IS AN INTERPLAY BETWEEN FEDERAL LAW AND STATE LEGISLATION RELATING TO THE REGULATION OF INSURANCE, WHERE THE STATE INSURANCE REGULATION MAY AFFECT THE TERMS OR BENEFITS OF AN EMPLOYEE BENEFIT PLAN FORMULATED PURSUANT TO ERISA.
EMPLOYEE WELFARE BENEFIT PLANS MAY BE PROVIDED THROUGH THE "PURCHASE OF INSURANCE OR OTHERWISE, N AND WHETHER THE BENEFIT PLAN IS PROVIDED BY THE PURCHASE OF INSURANCE (RATHER THAN THROUGH SELF-FUNDING) IS CRITICAL TO THE ANALYSIS OF THE APPLICABILITY OF STATE LAW TO IT. THUS, WITH RESPECT TO YOUR FIRST QUESTION, ERISA PLANS WHICH ARE WHOLLY SELF FUNDED ARE, PURSUANT TO UNITED STATES SUPREME COURT DECISIONS CONSTRUING THE STATUTES GOVERNING ERISA PLANS, EXEMPT FROM REGULATION BY THE STATE INSURANCE CODE. (SEE A.G. OPINION NO. 86-032 AND CITATIONS THEREIN).
YOUR SECOND QUESTION ASKS WHETHER, IN THE EVENT THE ANSWER TO YOUR FIRST QUESTION YES, WE CAN PRESUME THAT ANY OTHER MANDATES THAT REGULATE INSURANCE WOULD LIKEWISE BE PREEMPTED WHERE THE PLAN IS WHOLLY SELF-INSURED. AS A PRACTICAL MATTER, THE APPLICABILITY OF A.G. OPINION NO. 86-032, AND THE NUMEROUS CITATIONS OF AUTHORITY CONTAINED THEREIN, WILL BE CONSISTENT WHEREVER AN INSURANCE REGULATION BY THE STATE IS CONCERNED. IT SHOULD NOT BE PRESUMED, HOWEVER, THAT THE STATE OF THE LAW WILL NOT CHANGE AT SOME FUTURE TIME, THUS IT WOULD NOT BE WISE TO SPECULATE AS TO THE PROPER ANSWER TO YOUR SECOND QUESTION.
IN YOUR THIRD QUESTION, YOU INQUIRE WHETHER, WHERE AN EMPLOYEE BENEFIT PLAN IS AN INSURED ONE, THE PLAN MUST COMPLY WITH OKLAHOMA LAWS THAT REGULATE INSURANCE. AS A.G. OPINION NO. 86-032 NOTES, THE UNITED STATES SUPREME COURT HAS HELD THAT PLANS WHICH PURCHASE INSURANCE ARE DIRECTLY AFFECTED BY STATE LAWS THAT REGULATE THE INSURANCE INDUSTRY. METROPOLITAN LIFE INSURANCE CO. V. MASSACHUSETTS,471 U.S. 724, 105 S.CT. 2380, 85 L.ED.2D 728 (1985). SEE ALSO, PILOT LIFE INSURANCE CO. V. DEDEAUX, 481 U.S.,107 S.CT. 1549, 95 L.ED.2D 39 (1987).
IN YOUR FINAL QUESTION, YOU ASK WHETHER THE NOVEMBER 1, 1988 EFFECTIVE DATE OF SECTION 6060 MEANS THAT ALL INDIVIDUAL AND GROUP INSURANCE POLICIES IN FORCE ON NOVEMBER 1 MUST PROVIDE THE BENEFIT AS DESCRIBED IN SECTION 6060. AS YOU NOTE IN YOUR LETTER, IT IS A WELL-FOUNDED PRINCIPLE OF STATUTORY CONSTRUCTION THAT ALL STATUTES MUST BE CONSTRUED AS HAVING PROSPECTIVE OPERATION UNLESS THE LEGISLATURE CLEARLY INTENDED OTHERWISE. MATTER OF MCNEELY, 734 P.2D 1294 (OKLA. 1987). FURTHER, IT IS WELL ESTABLISHED THAT EVEN IF THE LEGISLATURE INTENDED A RETROACTIVE APPLICATION OF A STATUTE, A STATUTE WILL NOT BE APPLIED RETROACTIVELY IF IT ALTERS THE RIGHTS AND DUTIES UNDER AN EXISTING CONTRACT. OKLAHOMA CONSTITUTION, ARTICLE II, SECTION 7/ARTICLE II, SECTION 15/ARTICLE V, SECTION 54. WALKER V. NIX, 165 P.2D 378 (OKLA. 1946); WICKHAM V. GULF OIL CORPORATION, 623 P.2D 613 (OKLA. 1981). INSURANCE POLICIES WHICH EXISTED ON THE EFFECTIVE DATE OF THE LEGISLATION WOULD THUS NOT ORDINARILY BE REQUIRED TO COMPLY WITH THE PROVISIONS OF SECTION 6060 UNTIL SUCH TIME AS THOSE POLICIES ARE RENEWED.
(SUSAN BRIMER LOVING)